**Ernest DaCOSTA, Plaintiff,**

v.

**Richard M. NIXON, individually and as President of the United States, et al., Defendants.**

**No. 72 C 207.**

United States District Court,
E. D. New York.

Feb. 16, 1972.

MEMORANDUM AND ORDER

DOOLING, District Judge.

■■ It is not necessary to the relief sought that the President be joined

as a defendant, and, the joinder not being insisted upon, the action is dismissed as against the President at the suggestion of the United States Attorney. If the military orders to plaintiff [to return from leave to combat duties in Vietnam] are unauthorized in law he is, of course, entitled to be relieved of the seeming duty of obedience by *habeas corpus* or other appropriate remedy.

There can be no doubt that so far as they go Sections 401 [P.L. 92–129, 85 Stat. 360] and 601 [P.L. 92–156, 85 Stat. 430] are law. When the bill embodying Section 601 was passed by the Congress and approved by the President's signature it established "the policy of the United States" to the exclusion of any different executive or administration policy, and had binding force and effect on every officer of the Government, no matter what their private judgments of that policy, and illegalized the pursuit of an inconsistent executive or administration policy. No executive statement denying efficacy to the legislation could have either validity or effect.

█ The legislation, however, explicitly gave a very wide discretion to the President, and the unverified disclosures of the executive initiatives taken before and since the enactment of Sections 401 and 601, including even the very unfortunate statement of November 17, 1971 (Annex A), indicate no divergence from the national policy expressed in Section 601. The orders to plaintiff with respect to his return to active service in Vietnam are not incompatible with the National policy and with effective utilization, in attaining the objectives of that policy, of the executive discretions granted by the new legislation. Accordingly, it is

Ordered that plaintiff's motion for a preliminary injunction restraining the defendants from ordering the plaintiff to engage in combat activities in Vietnam is denied; and,

It appearing that it is unlikely that the relief sought will be granted on appeal, it is further

Ordered that plaintiff's application for a stay pending appeal is denied.

## ANNEX A

Military Procurement Authorization Act of 1971

*Statement by the President Upon Signing the Bill, With Comments on the "Mansfield Amendment." November 17, 1971*

I have today signed H.R. 8687, the Military Procurement Authorization Act of 1971.

To avoid any possible misconceptions, I wish to emphasize that section 601 of this act—the so-called "Mansfield Amendment"—does not represent the policies of this administration. Section 601 urges that the President establish a "final date" for the withdrawal of all U. S. forces from Indochina, subject only to the release of U. S. prisoners of war and an accounting for the missing in action.

Section 601 expresses a judgment about the manner in which the American involvement in the war should be ended. However, it is without binding force or effect, and it does not reflect my judgment about the way in which the war should be brought to a conclusion. My signing of the bill that contains this section, therefore, will not change the policies I have pursued and that I shall continue to pursue toward this end.

Let me reiterate what has been and remains United States policy regarding withdrawal of U. S. forces from Indochina.

Our goal—and my hope—is a negotiated settlement providing for the total withdrawal of all foreign forces, including our own; for the release of all prisoners; and for a cease-fire throughout Indochina. In the absence of such a settlement, or until such a settlement is reached, the rate of withdrawal of U. S. forces will be determined by three fac-

tors: by the level of enemy activity, by the progress of our program of Vietnamization, and by progress toward obtaining the release of all of our prisoners wherever they are in Southeast Asia, and toward obtaining a cease-fire for all of Southeast Asia.

It is because section 601 of this bill will not in fact alter this policy that I have signed it into law. I would add, regretfully, that legislative actions such as this hinder rather than assist in the search for a negotiated settlement.

NOTE: As enacted, the bill (H.R. 8687) is Public Law 92-156.